## Peter Karthizer v. Bright B. Fixen.

1. Declaration—*Insufficient—Contracts to Bid at Sales.*—Where under a chancery decree A had a lien on certain real estate. and B had a second lien on part thereof, A promised B to bid a certain sum on the part subject to his lien only, and failing to do so, B was forced to bid and pay for the second tract $450 more than would have been necessary had A bid as he agreed. In a suit to recover the $450 from A, the declaration showed that the time of redemption from the sale had not expired, and it did not aver that the premises were worth less than B paid for them. *Held*, that the declaration did not show that B was entitled to recover the $450 from A.

Assumpsit.—Appeal from the Circuit Court of Kane County; the Hon. George W. Brown, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed February 1, 1900.

M. O. Southworth and Alschuler & Murphy, attorneys for appellant.

S. N. Hoover and R. G. Montony, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Fixen sued Karthizer for breach of a written contract. To the amended declaration again amended, defendant demurred. The court overruled the demurrer, and defendant elected to abide thereby. The court heard proofs and entered judgment against defendant for $523, from which he appeals.

From the declaration and the contract therein set out it appears that Karthizer was one of the complainants and Fixen one of the defendants in a chancery cause in Du Page county; that proofs had been taken and the master had reported that Karthizer was entitled to a lien for a large sum of money upon the whole of certain lands; that upon block J, parcel of said lands, he was entitled to a lien to the extent of $125 per acre, and Fixen, purchaser of block J, had a second lien on said block J for improvements he had placed upon it to the amount of " several thousand dollars "; that after the filing of said report, and before decree entered, Karthizer and Fixen made a written agreement to the effect that if a decree should be entered establishing said liens, then at the master's sale Karthizer should bid on the lands other than block J all his claim but $50, and Fixen should bid on block J such sum as he saw fit to cover his improvements, and $50 additional, and should pay the master his commissions on the amount bid on block J, and said $50 for the benefit of Karthizer; that if Karthizer got a deed for said other lands he should have the option (for thirty days after deeds were issued) to exchange two certain acres of said other lands for two certain acres of block J. The declaration alleged Karthizer did not bid as much as he agreed, but $450 less; that Fixen bid $10,000 for block J, and it was struck off to him at that price; that he tendered the master his own receipt for $9,500 and his check for $50, and exhibited said contract with Karthizer to the master, all as a payment of his bid of $10,000 for block J; that Karthizer objected, and repudiated said contract with Fixen; that the master, acting upon Karthizer's objection, refused to accept said payment, and was about to again offer block J for sale, whereupon Fixen paid $500

in cash under protest, and delivered his receipt for $9,500 to the master, and the master reported the sale, and it was approved; and said $500 so paid by Fixen on block J was applied upon the sum due Karthizer under said decree. The declaration avers that thereby Karthizer became liable to pay Fixen the $450 which Fixen was compelled to pay the master in excess of the $50 which by the contract he was to pay.

The declaration does not show what other parties to the suit were owners of said other lands, nor aver sufficient so that we can know how this contract, by which Karthizer was in effect to place more of his lien on their lands and less on block J than the master's report contemplated, would affect them, nor whether because of their interests it was against public policy. It does not show who owned block J. It does designate Fixen as purchaser thereof, but as it was sold not only to pay Karthizer's first lien thereon, but also to pay Fixen's second lien for improvements placed by him thereon, the implication is that some one else owned it. The declaration does not state how many acres were in block J, and therefore does not disclose the sum total for which Karthizer had a lien upon it. It does not clearly appear whether by the sale Fixen's lien was satisfied in full, though the implication seems to be that the $9,500 receipt, which he offered the master, was in full, nor to whom the surplus, if any, arising from the sale of block J, was payable, nor how much block J was worth.

The declaration therefore does not show that Fixen suffered any damage or pecuniary loss by the failure of Karthizer to bid the sum agreed upon said other lands. If block J was worth all Fixen bid for it, then if it is not redeemed he will get a deed of property worth what he paid, and he will have lost nothing. The sale was January 20, 1896. This suit was brought April 10, 1896, before the time for redemption had expired. If block J was afterward redeemed, he then got back all he paid, with interest, and suffered no loss. If the $9,500 paid his lien in full, still he would have had to pay the whole $10,000 of his bid. If Karthizer had kept his contract and required only $50,

Fixen could not have kept the $450 after his lien was satisfied, but it would have been payable to the master and by him to the owner of block J. Other defects suggested, we think, should not be discussed in the absence of fuller averments.

We conclude that the declaration did not show a right to recover the $450. The judgment is therefore reversed and the cause remanded.